SCHNEIDER & DAVIS v. LEIBES BROS. & CO.

(No. 5186.)

APPEAL from Dallas County.    Opinion by WILLSON, J.

CRAWFORD & CRAWFORD and J. M. DICKSON, for appellants.

No counsel appeared for appellees.

§ 286. *Stoppage in transitu; facts held to show that the right of had ceased to exist.*    Appellees sold, on a credit, to Loeb & Freiberg two cases of cigars of the value of $454.73, and shipped the same by railroad, marked to said Loeb & Freiberg at Dallas, and at the same time forwarded to said consignees a bill of lading therefor. Loeb & Freiberg received said bill of lading, and on the morning of January 12, 1885, they transferred the same for a valuable consideration to appellants, who on the same morning demanded of, and received from the agent of the railroad company, the said goods, and carried and stored the same in their business house. On the evening of the same day appellees sought to exercise their right of stoppage *in transitu* upon said goods, by notifying said railroad agent to not deliver said goods to said consignees, etc. Said agent informed them that said goods had already been delivered to appellants. Appellees then brought this suit to recover of appellants the value of said goods, and recovered judgment therefor. *Held:* The facts show that appellees have no cause of action against appellants. The title to the goods had vested in Loeb & Freiberg by virtue of the sale, and the delivery to them of the bill of lading. This title was complete, subject, however, to appellees' right of stoppage *in transitu*, while such right existed. This right, however, ceased to exist as soon as the goods came into the possession of said consignees, or of appellants, their assignees. It is clear from the evidence that appellees did not at-

tempt to exercise their right of stoppage *in transitu* until after the goods had been legally delivered to, and were in the actual possession of, appellants. [Adoue & Loeb v. Seeligson & Co. 54 Tex. 593; Chandler v. Fulton, 10 Tex. 2; Stuart & Sutherland v. Mau & Co. 2 W. Con. Rep. § 787; Hutch. on Carriers, § 129.] If the transfer of the goods by Loeb & Freiberg to appellants was fraudulent, it would not defeat appellees' right of stoppage, but there is no evidence of fraud in the transaction. On the contrary the evidence proves that the transaction was *bona fide* and valid.

April 31, 1887.                    Reversed and dismissed.